# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CECIL JEROME HATCHETT**, | Case No. 3:14-cv-01369-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **U.S. BANK; OCWEN FEDERAL LOAN; MULLINIAM GROUP LOAN**, | |
| Defendants. | |

Cecil Jerome Hatchett, 328 N Shaver Street, Portland, Oregon 97227. Plaintiff *pro se*.

**Michael H. Simon, District Judge.**

Plaintiff, Cecil Jerome Hatchett, filed a *pro se* Complaint *in forma pauperis* on August 26, 2014. Dkt. 2. Plaintiff also filed an application to proceed *in forma pauperis*, Dkt. 1, and moved for the appointment of a *pro bono* attorney. Dkt. 3. On August 29, 2014, the Court granted Plaintiff's application to proceed *in forma pauperis*, denied Plaintiff's motion for appointment of *pro bono* counsel, and dismissed Plaintiff's Complaint. Dkt. 5. Plaintiff was given 30 days to file an amended Complaint if he could cure the deficiencies identified in the Court's order.

PAGE 1 – OPINION AND ORDER

On September 25, 2014 Plaintiff filed a two-page document, Dkt. 7, which the Court construes as Plaintiff's Amended Complaint. Even under the liberal pleading standards afforded to *pro se* plaintiffs, however, the Court finds that Plaintiff's Amended Complaint fails to state a claim on which relief may be granted. For the following reasons, Plaintiff's Complaint is dismissed.

## STANDARDS

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, --- U.S. ---, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The court may therefore raise the question of subject-matter jurisdiction on its own initiative at any stage in the litigation. *Arbaugh*, 546 U.S. at 506. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002) (citing *Lee* v. *City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)).

## BACKGROUND

Plaintiff' brings suit against U.S. Bank, Ocwen Federal Loan ('Ocwen"), and Mulliniam Group Loan ("Mulliniam"). In his original Complaint, Plaintiff alleged that the Defendants tricked him into accepting an "illegal" loan and took advantage of him either while he was

incarcerated or because he had been incarcerated. Plaintiff claimed that Defendants conspired to steal his property in violation of both state and federal law. Plaintiff also claimed that he had suffered 16 billion dollars in damages because of the "criminal acts" of the Defendants. Plaintiff asserted federal question jurisdiction as the basis of the Court's jurisdiction over his claims. The Court found that the Complaint failed to state a claim on which relief may be granted and failed to establish that this Court had subject-matter jurisdiction over Plaintiff's claims.

Plaintiff's Amended Complaint appears to make three claims. Plaintiff first claims that "Ocwen illegally mailed my money payment" on March 30, 2012. Specifically, Plaintiff alleges that Ocwen told him it was acceptable to send a payment on April 1, 2012, but returned his payment on April 5, 2012. Plaintiff refers to this as the "fraud game deceit." Plaintiff's second claim is titled: "summary judgment" and "§41 fraudulently procuring judgment," and appears to claim that U.S. Bank fraudulently obtained a legal judgment against him. Plaintiff's third claim is titled: "§46 fraud as to the nature or contents contract other." Here, Plaintiff appears to claim that Defendants misrepresented the contents of a document and that he was "lulled by fraud and deceit into omitting to read the document personally." Plaintiff also claims that Mulliniam failed to perform a credit check before issuing his loan.

## DISCUSSION

### A.  Jurisdiction

The two primary categories of civil cases over which the federal courts have jurisdiction are those based on federal law (federal question jurisdiction) and those involving citizens of different states where more than $75,000 is at issue (diversity jurisdiction). In Section II.A of his Complaint, Plaintiff checked the box for "Federal Question" as the basis for federal court jurisdiction. In Section II.B of his Complaint, Plaintiff listed, "illegal theft of land," "illegal sham property loan," and "racist loan," as the basis for federal question jurisdiction. Plaintiff did not,

however, identify any specific federal Constitutional, statutory, or treaty right at issue. Moreover, Plaintiff's Amended Complaint provides no statement of the grounds for the Court's jurisdiction as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(1). While *pro se* complaints are construed liberally, Plaintiff's Amended Complaint fails to allege claims or facts that support federal question jurisdiction.

## B. Plaintiff's Claims

Even if Plaintiff had properly alleged jurisdiction, his Complaint fails to allege a cause of action under federal law. Interpreting the Complaint under the liberal *pro se* pleading standard and affording the Plaintiff "the benefit of any reasonable doubt," the Complaint contains insufficient facts to support a federal cause of action. To the extent it alleges a state law cause of action, such claims are not properly before this court. For these reasons, the Court holds that the Complaint fails to state a claim on which relief may be granted and dismisses the case pursuant to 28 U.S.C. § 1915(e)(2).

## CONCLUSION

Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and fails to establish that this Court has subject-matter jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's Amended Complaint (Dkt. 7) is **DISMISSED**.

**IT IS SO ORDERED**.

DATED this 28th day of October, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge